UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

PRIME PROPERTY AND CASUALTY
INSURANCE INC.,

    Plaintiff,

vs.

Case No.

INFLATABLE NIGHTCLUB LLC, FREDDIE
CEDENO, and DOMINIC RODRIGUEZ,

    Defendants
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Prime Property and Casualty Insurance Inc. ("Prime") sues Inflatable Nightclub LLC, Freddie Cedeno, and Dominic Rodriguez for declaratory relief as follows:

## JURISDICTION AND VENUE

1. Prime brings this action for declaratory judgment pursuant to 28 U.S.C. § 2201, seeking declaratory relief arising out of an insurance dispute relating to a March 14, 2025, incident and resulting claims.

2. This Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, as the amount in controversy exceeds the sum of $75,000.00, exclusive of fees, interest and costs, and there is complete diversity of citizenship between the plaintiff and the defendants.

3. Prime is a foreign Corporation under the laws of the State of Illinois, domiciled in and with its principal place of business in Utah.

4. Inflatable Nightclub LLC ("Inflatable Nightclub") is a Florida limited liability company organized under the laws of Florida, domiciled in and with its principal place of business in Miami-Dade County, Florida.

5. Inflatable Nightclub has three members: Daniel A. Mungarrieta, Ariel Torres, and

Isidro Marrero.

6. Daniel A. Mungarrieta is a citizen of the State of Florida.

7. Ariel Torres is a citizen of the State of Florida.

8. Isidro Marrero is a citizen of the State of Florida.

9. Accordingly, Inflatable Nightclub is a citizen of the State of Florida.

10. Freddie Cedeno ("Cedeno"), upon information and belief, is a citizen of the State of Florida and a resident of Miami-Dade County, Florida.

11. Dominic Rodriguez ("Rodriguez"), upon information and belief, is a citizen of the State of Florida and a resident of Miami-Dade County, Florida.

12. Venue is appropriate in the Southern District of Florida as at least one of the Defendants resides there and the policy was issued by Prime for delivery to Inflatable Nightclub in Miami-Dade County, Florida.

13. An actual justiciable controversy between Prime and the Defendants exists within the meaning of 28 U.S.C. § 2201, regarding whether Prime has a duty to defend and therefore a duty to indemnify Inflatable Nightclub and/or Cedeno pursuant to the terms and conditions of the policy, with respect to the claims asserted by Rodriguez, as is described in greater detail below.

## THE FACTS

14. On March 14, 2025, there was an accident in Miami-Dade County, Florida, in whichRodriguez, while a passenger in a an Inflatable Nightclub vehicle operated by Cedeno (the "Subject Vehicle"), fell and allegedly sustained bodily injuries (the "Subject Accident" or "Incident").

15. Subsequently, Rodriguez has asserted bodily injury claims as a result of the damages he allegedly incurred in excess of $75,000 exclusive of attorney's fees, interest and costs

against Inflatable Nightclub and Mr. Cedeno.

16. On June 16, 2025, Rodriguez filed a lawsuit to recover for alleged injuries arising from the Incident, alleging that Cedano was the operator of the Subject Vehicle at the time of the Incident. A copy of the operative complaint in the lawsuit, styled *Dominic Rodriguez v. Inflatable Nightclub LLC and Freddy Cedeno.*, Case No. 2025-011463-CA-01 (the "Underlying Lawsuit"), is attached as **Exhibit A**.

## THE POLICY

17. Prime issued a commercial automobile policy to Inflatable Nightclub under Policy No. PC24061837, which was in effect on the date of the Incident (the "Policy"). A true and correct copy of the Policy is attached as **Exhibit B**.

18. The Policy contains the following pertinent provisions:

### SECTION I – LIABILITY COVERAGE

A. Insuring Agreement

    1. Subject to the terms and conditions set forth herein, this Policy covers Bodily Injury and Property Damage caused by an Accident that results from the ownership, maintenance, or use of a Covered Auto. We will pay Damages you are legally obligated to pay because of Bodily Injury or Property Damage to which this Policy applies if:

        a. The Accident occurs during the Policy Period; and

        b. The Accident occurs in the United States of America, including its territories and possessions; and

        c. The Covered Auto is being used in the course and scope of the Named Insured's Commercial Auto Operations at the time of the Accident; and

        d. The Covered Auto is being operated by a Permissive Driver at the time of the Accident.[1]

---

[1] The Insuring Agreement is modified by the ACA-FL-03 Endorsement as discussed *infra*.

        The date of an Accident is the earliest date upon which Bodily Injury or Property Damage caused by such Accident occurs regardless of when the Bodily Injury or Property Damage is first discovered, first manifests or reported to us. Claims arising from Accidents occurring prior to the Policy Period are not covered regardless of when the Bodily Injury or Property Damage is first discovered, first manifests or is reported to us.

5. In the event any of the terms or conditions of this Policy, including any Endorsements attached to it, are found by a court of competent jurisdiction to be unenforceable or in contradiction to applicable law because of a Financial Responsibility Requirement, the Named Insured agrees to reimburse us for any and all payments we make pursuant to a Financial Responsibility Requirement on account of an Accident where the Insured has breached any of the terms and conditions of this Policy, and for any payment that the Company would not have been obligated to make under the provisions of this Policy (including Claim Expenses) but for the imposition of an applicable Financial Responsibility Requirement.

B.     Liability Exclusions

In the event any of the exclusions set forth in this Policy are found by a court to be unenforceable or in contradiction to applicable law, such exclusion is to be interpreted as applying only to those coverage amounts that are in excess of the minimum limits set by applicable Financial Responsibility Requirements.

This Policy does not cover, and we will not be obligated to defend you, incur Claim Expenses or pay Damages for any Claim that arises out of, directly or indirectly, or is in any way caused by or results from any of the following exclusions. Such exclusions apply regardless of whether any other circumstance caused or contributed to such Claim, or whether such circumstance took place prior to, after or contemporaneously with the excluded circumstance.

***

19. Bodily Injury or Property Damage arising out of the ownership, maintenance or use of a Covered Auto by anyone other than an Insured.

***

***

**FLORIDA SCHEDULED DRIVERS ENDORSEMENT**
**ACA-FL-03**

**This Endorsement changes the terms and conditions of the Policy. Please read it carefully!**

Subject to all other terms and conditions of the Policy and all applicable Limits of Liability, the following changes to the Policy are made:

**A.** The term "Permissive Driver" in **SECTION I - LIABILITY COVERAGE, Part A. Insuring Agreement, Paragraph 1.d.** of the Policy is deleted and replaced with the term "Scheduled Driver".

**B.**   **SECTION III - WHO IS AN INSURED, Part B.** of the Policy is deleted and replaced with the following:

B. An "Insured" is also a Scheduled Driver of a Covered Auto with the Named Insured's permission:

1. in the course and scope of the Named Insured's Commercial Auto Operations; or

2. for Personal Use, if Personal Use coverage is indicated in the chart below.

**C.**   Coverage under the Policy is modified as follows:

Coverage under the Policy no longer extends to operation of a Covered Auto by a Permissive Driver. Instead, coverage is limited to situations in which a Scheduled Driver is operating a Covered Auto with the Named Insured's permission:
1.     in the course and scope of the Named Insured's Commercial Auto Operations; or
2.     for Personal Use, if Personal Use coverage is indicated in the chart below.

The Named Insured hereby represents that each and every Scheduled Driver is over the age of 21 and under the age of 65, unless specifically approved by the Insurer.

New drivers will not be added to the Policy until the Named Insured provides the new driver's name, date of birth, and driver's license number to the Insurer. New drivers must be approved by the Insurer and additional premium must be paid.

There is no coverage for any new driver until he/she has been scheduled on the Policy by way of an Endorsement issued by the Insurer and premium for the new driver has been paid.

**D.**   **Additional Definitions**

5

The capitalized terms in this Endorsement have specific meaning. Capitalized terms are defined in the Policy and as follows:

"Personal Use" means the use of a Covered Auto with the Named Insured's permission for non-business purposes.

"Scheduled Driver" means a driver or operator specifically identified in a Scheduled Drivers Endorsement.

\*\*\*

19. At the time the Policy was issued and at the time of the Subject Accident, Cedeno was not a Scheduled Driver under the Policy.

20. Upon information and belief, one or more defendants believes there is nevertheless coverage for the Subject Accident under the Policy.

21. Prime is presently handling Rodriguez's claims and the Underlying Lawsuit subject to a full and complete reservation of rights. As a result, Prime has incurred and will continue to incur expenses associated with the investigation, defense and handling of the claims.

22. Rodriguez is a proper party since his interests, if any, may be affected by this Court's declaration.

23. All conditions precedent to bringing this action have been performed or otherwise waived.

**COUNT I - NO COVERAGE BASED UPON THE**
**FLORIDA SCHEDULED DRIVERS ENDORSEMENT**

24. Prime realleges paragraphs 1 through 23 as paragraph 24 of Count I.

25. Pursuant to the Insuring Agreement, as modified by the Florida Scheduled Drivers Endorsement, the Policy only affords liability coverage for accidents involving a covered auto used in the course and scope of the named insured's operations and operated by a "scheduled driver," which term is defined as "a driver or operator specifically identified in a Scheduled Drivers Endorsement."

26. The Florida Scheduled Drivers Endorsement further modifies the policy to bar coverage for Incidents involving an unscheduled driver: "Coverage under the Policy no longer extends to operation of a Covered Auto by a Permissive Driver. Instead, coverage is limited to situations in which a Scheduled Driver is operating a Covered Auto with the Named Insured's permission…in the course and scope of the Named Insured's Commercial Auto Operations."

27. At the time of the Subject Accident, Cedeno was not specifically identified in a Scheduled Drivers Endorsement and, therefore, was not a Scheduled Driver under the Policy.

28. Accordingly, the Policy does not provide coverage for Rodriguez's claims arising out of the Subject Accident, including the Underlying Lawsuit.

29. In view of the foregoing, an actual and present controversy exists between the parties as to the scope of Prime's obligation, if any, to defend and therefore to indemnify for any claims arising out of the Subject Accident.

WHEREFORE, Prime Property and Casualty Insurance Inc. respectfully requests this Court to find and declare that it does not have a duty to defend and therefore no duty to indemnify for any claim arising out of the Subject Accident, including the Underlying Lawsuit.

## COUNT II - NO COVERAGE BASED UPON EXCLUSION 19

30. Prime realleges paragraphs 1 through 23 as paragraph 30 of Count II.

31. The Policy contains Exclusion 19, which precludes coverage for "Bodily Injury or Property Damage arising out of the ownership, maintenance or use of a Covered Auto by anyone other than an Insured."

32. Under the Policy, an "Insured" is redefined to mean "a Scheduled Driver of a Covered Auto who is maintaining, occupying, or operating the Covered Auto with permission from the Named Insured in the course and scope of the Named Insured's Commercial Auto

Operations."

33. At the time of the Subject Accident, Cedeno was operating the Subject Vehicle.

34. At the time of the Subject Accident, Cedeno was not specifically identified in a Scheduled Drivers Endorsement and, therefore, was not a Scheduled Driver under the Policy.

35. Accordingly, Cedeno is not an "Insured" under the Policy for purposes of claims arising out of the Subject Accident.

36. Coverage for damages arising from the Subject Accident is therefore precluded under Exclusion 19.

37. In view of the foregoing, an actual and present controversy exists between the parties as to the scope of Prime's obligation, if any, to defend and therefore to indemnify Inflatable and/or Cedeno for any claim arising out of the Subject Accident.

WHEREFORE, Prime Property and Casualty Insurance Inc. respectfully requests this Court to find and declare that it does not have a duty to defend and therefore no duty to indemnify for any claim arising out of the Subject Accident, including the Underlying Lawsuit.

DATED: August 12, 2025

HINSHAW & CULBERTSON LLP

*/s/ Brittney Savino*

**PEDRO E. HERNANDEZ**
Florida Bar No. 360589
phernandez@hinshawlaw.com
**DANIEL C. SHATZ**
Florida Bar No. 94696
dshatz@hinshawlaw.com
**BRITTNEY SAVINO**
Florida Bar No. 118898
bsavino@hinshawlaw.com
**BRADY L. TAYLOR**
Florida Bar No. 1049723
btaylor@hinshawlaw.com

2811 Ponce de Leon Blvd., Suite 1000
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
*Attorney for Plaintiff*

1086921\325349445.v1